IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

SEP 27 2013

COURT OF APPEALS
DIVISION TWO

THOMAS DeLONG,                                )
                                              )        2 CA-CV 2013-0023
    Plaintiff/Counterdefendant/Appellee,      )        DEPARTMENT B
                                              )
              v.                              )        O P I N I O N
                                              )
KATHLEEN MERRILL,                             )
                                              )
    Defendant/Counterclaimant/Appellant.      )
                                              )

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. CV201003697

Honorable Bradley M. Soos, Judge Pro Tempore

REVERSED AND REMANDED

---

Thomas DeLong                                          Orlando, Florida
                                                       In Propria Persona
                                                       Not Appearing


The Dutson Law Firm, Ltd.
  By James C. Dutson                                   Apache Junction
                                                       Attorney for
                              Defendant/Counterclaimant/Appellant

---

E S P I N O S A, Judge.

¶1        Defendant/counterclaimant/appellant Kathleen Merrill appeals the trial court's denial of her request to file late responses to plaintiff/counterdefendant/appellee Thomas DeLong's requests for admission. She also appeals the trial court's summary judgment in favor of DeLong and its dismissal of two of Merrill's counterclaims. Because we conclude the trial court abused its discretion in disallowing Merrill's untimely responses and erred in granting summary judgment, we reverse and remand.

**Factual and Procedural Background**

¶2        In January 2009, DeLong loaned Merrill $5,143 to pay past due taxes on her home in Apache Junction. According to DeLong's complaint, he and Merrill had signed a handwritten contract in which Merrill agreed to repay the loan in full, plus six percent interest, no later than July 2, 2009 and if Merrill did not, she would "lose [the] property" to DeLong. In her answer, Merrill attested she had made repeated attempts starting in May 2009 to contact DeLong, determine his whereabouts, and pay off the loan, finally locating him in Florida in June 2010, but that "[s]ince May 29, 2009, [he] has failed and/or refused to accept payment on the loan."

¶3        In September 2010, DeLong filed an action for eviction in the Apache Junction Justice Court. Merrill answered and counterclaimed, and requested that the case be transferred to Superior Court to determine rights to the property. DeLong then filed an amended complaint alleging quiet title (count one), breach of contract (count two) and declaratory relief (count three). Merrill filed another answer and counterclaims to DeLong's amended complaint alleging, *inter alia*, quiet title (counterclaim one), wrongful recordation (counterclaim seven), and constructive trust (counterclaim eight).

2

**¶4** In March 2011, DeLong submitted discovery requests to Merrill, including eight requests for admission pursuant to Rule 36, Ariz. R. Civ. P. Merrill failed to respond to the requests. In October, DeLong moved for summary judgment on counts one and two of his amended complaint. He noted that "[a]s a result of Merrill's failure [to respond], all eight [requests for admission] are deemed admitted by Rule 36." He further argued, "based on the substance of those admitted requests, [he was] entitled to summary judgment."

**¶5** In November, Merrill responded to the requests for admission and opposed the motion, arguing that the delay did not support summary judgment. Merrill averred that her delay in responding was "a[n] inadvertent oversight on the part of Merrill's attorney, for which Merrill, herself, was not responsible," and asserted that Rule 36 "support[s] this court allowing and accepting the late filing of [her] responses to requests for admission[]." She further asserted that DeLong was not prejudiced by the delay as discovery was still ongoing and no trial date had been set.

**¶6** In February 2012, the trial court granted summary judgment to DeLong on counts one and two of his amended complaint as a sanction against Merrill for undue delay in responding to the requests for admission. The court noted that DeLong had presented "statements to the Court regarding rule 36(a) and how prejudice does apply." At oral argument, DeLong had described his prejudice as "the fact that we were waiting for a long time to continue with discovery in the case and we were expecting that there would be some kind of resolution as a result of discovery." He had also asserted: "The prejudice is the fact that we are still having to continue with this case, [where] . . . rule[s]

3

and . . . standards set forth in the Rules of Civil Procedure and the Rules of Evidence . . . dictate this matter can and should be resolved because of the actions or omissions of Ms. Merrill and her counsel."

¶7 Merrill filed a motion for reconsideration arguing that the most severe sanction provided by the rules for failure to respond to requests for admission is that they are deemed admitted. Even if admitted, according to Merrill, there remained factual issues for trial that made summary judgment inappropriate. The court denied the motion and determined that Merrill's first counterclaim for quiet title, seventh counterclaim for wrongful recordation, and eighth counterclaim for constructive trust were rendered moot by its ruling on the summary judgment motion.[1] Merrill's two remaining claims, her counterclaims for abuse of process and intentional infliction of emotional distress, were for money damages only. A subsequent jury trial on those claims resulted in a verdict for DeLong.

¶8 The court awarded DeLong $296 in costs pursuant to A.R.S. §§ 12-1103 and 12-341, and $6,955 in attorney fees[2] pursuant to A.R.S. §§ 12-1103 and 12-341.01. Merrill timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

---

[1]The trial court deemed Merrill's fourth and fifth counterclaims withdrawn by her. Although she attempted to reintroduce her fifth counterclaim, the court denied her request.

[2]DeLong was represented by counsel at trial.

**Discussion**

Requests for Admission

**¶9**         On appeal, Merrill argues the trial court "abused [its] discretion in failing to allow the late filed responses to requests for admission without any proof of prejudice." DeLong has filed no appearance in this court and has submitted no answering brief, which we may deem a confession of reversible error. *See Nydam v. Crawford*, 181 Ariz. 101, 101, 887 P.2d 631, 631 (App. 1994); *see also Wickman v. Ariz. State Bd. of Osteopathic Exam'rs*, 138 Ariz. 337, 340, 674 P.2d 891, 894 (App. 1983) ("If a debatable issue is raised on appeal, appellee's silence constitutes a confession of reversible error."). Because resolution of cases on their merits is preferred, and because important issues of procedural law are presented in this appeal, in our discretion we address those issues on their merits. *See McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, ¶ 13, 165 P.3d 667, 670 (App. 2007) (although debatable issue presented, addressing merits to clarify law); *Nydam*, 181 Ariz. at 101, 887 P.2d at 631 (confession of reversible error doctrine discretionary); *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342, 678 P.2d 525, 527 (App. 1984) (courts prefer to decide cases on their merits).

**¶10**         Rule 36(a), Ariz. R. Civ. P., states that a matter that is the subject of a request for admission is deemed admitted "unless, within (40) days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Once admitted, the matter is "conclusively established unless the court on motion permits withdrawal or amendment of the admission" pursuant to

Rule 36(c). That subsection provides "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." We have found no Arizona case applying this test. Rule 36(c), however, is substantially similar to its federal counterpart, Fed. R. Civ. P. 36(b), and we therefore consider federal interpretations of that rule. *See Edwards v. Young*, 107 Ariz. 283, 284, 486 P.2d 181, 182 (1971) (giving great weight to federal interpretations of rules of civil procedure); *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, n.8, 189 P.3d 1114, 1121 n.8 (App. 2008) ("It is appropriate to look to federal courts' interpretations of federal rules that mirror Arizona rules.").

¶11 Federal courts apply an abuse-of-discretion standard when reviewing a trial court's decision whether to permit withdrawal or amendment of responses to requests for admission under Rule 36(b), Fed. R. Civ. P. *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1245-46 (10th Cir. 2005). And requests to file late responses have been deemed the equivalent of a motion to withdraw admissions. *See, e.g.*, *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1313 (8th Cir. 1983). The court may permit withdrawal or amendment when (1) the presentation of the merits will be promoted, and (2) the party obtaining the admission is not prejudiced. *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). Although the court has discretion to permit withdrawal or amendment of an admission, prejudice is one of the two factors central to the analysis, and a court's failure to consider them both is an abuse of discretion. *Id.* at 625 (court's failure to consider these factors

6

will constitute abuse of discretion); *Gutting*, 710 F.2d at 1313 (error to fail to consider Rule 36(b) factors); *cf. Quasius v. Schwan Food Co.*, 596 F.3d 947, 952 (8th Cir. 2010) (parameters permitting withdrawal of admissions under Rule 36(b) designed to guide court's discretion in assessing a motion to withdraw, but where party files nothing "that might be construed as a motion to withdraw or amend under Rule 36(b)," even when directed by the court to do so, court need not apply Rule 36(b) analysis).

¶12        The first prong of Rule 36(b), Fed. R. Civ. P., "is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). When the trial court granted summary judgment on DeLong's claims of quiet title and breach of contract, Merrill's most substantive counterclaims were lost: her first counterclaim for quiet title, seventh counterclaim for wrongful recordation, and eighth counterclaim for constructive trust. She was left with only two tort claims, not directly related to the loss of her home. Permitting Merrill to amend her admissions would have promoted the presentation of the merits of the action, in accord with the first prong of Rule 36(c), Ariz. R. Civ. P.

¶13        The prejudice prong of the Rule 36(b), Fed. R. Civ. P., test relates to "'the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Hadley*, 45 F.3d at 1348, *quoting Brook Vill. N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982). Prejudice is more likely to be found when the motion to withdraw or amend is made during trial, *id.*, or when a trial is imminent, *Conlon*, 474 F.3d at 624. DeLong complained about the substantial delay and

the trial court found prejudice on that basis. However, in assessing prejudice under Rule 36(b), Fed. R. Civ. P., trial courts are instructed to "focus on the prejudice that the nonmoving party would suffer at trial." *Id.*, 474 F.3d at 623-24 (citing cases); *see also Raiser*, 409 F.3d at 1247 ("more than a failure to meet deadlines is required to deny a party relief from an admission").

¶14 In responding to DeLong's motion for summary judgment, Merrill averred that prior to receiving the motion, she had no indication that her responses to DeLong's requests for admission had not been provided. Her attorney had prepared a draft of the responses, placed it in the file, and mistakenly assumed the responses had been served. DeLong did not notify Merrill of the failure to respond or seek to compel answers prior to filing his motion for summary judgment. Discovery was ongoing, including depositions and documents requested from DeLong, and no trial date had been set. Further, around the same time, Merrill herself had filed a motion to compel discovery detailing deficits in DeLong's responses to Merrill's discovery requests. Finally, DeLong did not identify any evidence or testimony that became inaccessible or was affected as a result of Merrill's untimely responses to his requests for admission. Thus, while we acknowledge the importance of parties' complying with deadlines, we conclude that a missed deadline and months delay in responding to requests for admission, without more, does not satisfy the prejudice prong of Rule 36(c), Ariz. R. Civ. P.

¶15 Even when both prerequisites are met, however, Rule 36, Fed. R. Civ. P., "is permissive, not mandatory," in that the court may allow withdrawal or amendment of an admission, but is not required to do so. *Conlon*, 474 F.3d at 621 & 624-25. Trial

8

courts may consider other factors, including whether there was good cause for the delay and the merits of the moving party's case. *Id*. at 625. Good cause is established by a showing that the failure to respond to the requests for admission "'was an accident or mistake, not intentional or the result of conscious indifference.'" *Salazar v. Collins*, 255 S.W.3d 191, 196 (Tex. App. 2008) (appellees unaware of their failure to respond until a year after requests were served), *quoting Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005). "'Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result.'" *Id.*, *quoting Boulet v. State*, 189 S.W.3d 833, 836 (Tex. App. 2006). Misplaced documents have qualified as good cause where there is no conscious indifference and failure to respond was due to a clerical error. *Id.*

¶16        Arizona's Rule 36(c) "emphasizes the importance of having the action resolved on the merits." Ariz. R. Civ. P. 36(c) bar committee note; *see also* Ariz. R. Civ. P. 1 (rules of civil procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action"); *Jobe v. King*, 129 Ariz. 195, 198, 629 P.2d 1031, 1034 (App. 1981) (rules of civil procedure "were intended to abolish technicalities in order to secure a just determination of every action"); *cf.* 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2252 (3d. ed. 2010) ("with this rule [Rule 36, Fed. R. Civ. P.] . . . technical considerations will not be allowed to prevail to the detriment of substantial justice, and the rule is to be liberally construed") (footnote omitted). As the United States Supreme Court has said, "'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to

9

facilitate a proper decision on the merits.'" *Foman v. Davis*, 371 U.S. 178, 181-82 (1962), *quoting Conley v. Gibson*, 355 U.S. 41, 48 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *cf.* Ariz. R. Civ. P. 36(a) bar committee note ("The provisions of Rule 36 make it clear that admissions function very much as pleadings do.").

¶17　　　　　Further, "when an admission has been made inadvertently," it may be an abuse of discretion to not permit withdrawal. *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981); *see also Pickens v. Equitable Life Assurance Soc'y of the U.S.*, 413 F.2d 1390, 1394 (5th Cir. 1969) (where failure to reply to requests for admission clearly inadvertent, courts "favor substantial justice over technical contentions"); *Hadra v. Herman Blum Consulting Eng'rs*, 74 F.R.D. 113, 114 (N.D. Tex. 1977) ("It does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed."); *cf. Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002) (when party uses rule "with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources").

¶18　　　　　Accordingly, we not only view DeLong's failure to file an answering brief a confession of reversible error, *see Nydam*, 181 Ariz. at 101, 887 P.2d at 631, but also conclude the trial court erred by failing to apply the Rule 36(c) factors in evaluating Merrill's request to amend her responses by filing them late. And when the delay in

responding to requests for admission was inadvertent, without conscious indifference and merely the result of an oversight, and no prejudice was shown, it was an abuse of discretion to deny Merrill's request. *Cf. Raiser*, 409 F.3d at 1246 (trial court abused discretion by refusing to permit plaintiff to amend admissions where court made "no specific finding that [defendant] would be prejudiced" and court's "chief concern was the absence of reasons for [plaintiff's] untimeliness"). We therefore reverse the trial court's denial of Merrill's request to file late responses to DeLong's requests for admission.

Summary Judgment

¶19 Merrill also challenges the trial court's summary judgment ruling as to counts one and two of the amended complaint. "We determine *de novo* whether any genuine issue of material fact exists and whether the trial court erred in application of the law," *Guo v. Maricopa Cnty. Med. Ctr.*, 196 Ariz. 11, ¶ 16, 992 P.2d 11, 15 (App. 1999), construing all facts in favor of the nonmoving party, *Yollin v. City of Glendale*, 219 Ariz. 24, ¶ 6, 191 P.3d 1040, 1043 (App. 2008).

¶20 We first note the trial court granted summary judgment to DeLong as a sanction against Merrill. The court held: "Based on th[e] undue length of time [between the due date for the responses and when they were served], the moving party has established prejudice due to that undue delay; therefore, it is hereby ordered granting Plaintiff'[s] Motion for Summary Judgment . . . ." The court acknowledged it did not consider the "merits of the case" or "the evidence on those issues [quiet title, wrongful recordation and constructive trust]" in granting the motion.

**¶21** However, "[s]ummary judgment is not a sanction. It is a 'final judgment on the merits.'" *Tilley v. Delci*, 220 Ariz. 233, ¶ 13, 204 P.3d 1082, 1087 (App. 2009), *quoting Lujan v. MacMurtrie*, 94 Ariz. 273, 278, 383 P.2d 187, 190 (1963); *see also Grand v. Cigna Prop. and Cas. Cos.*, 172 Ariz. 419, 422, 837 P.2d 1154, 1157 (App. 1992) ("In Arizona, a summary judgment is a judgment on the merits."). And, although deemed admissions may be a basis for granting a motion for summary judgment, that would generally occur where "[a]ppellants made no attempt to seek withdrawal or amendment of the admissions as they could have done." *Fleitz v. Van Westrienen*, 114 Ariz. 246, 248, 560 P.2d 430, 432 (App. 1977).

**¶22** Further, "the striking of pleadings and entry of default judgment are not proper sanctions for the failure to adequately respond to requests for admissions of facts pursuant to Rule 36." *Sears Roebuck & Co. v. Walker*, 127 Ariz. 432, 436, 621 P.2d 938, 942 (App. 1980) (discussing difference in sanctions available under Rules 36 and 37, Ariz. R. Civ. P.).[3] Rule 36 admissions "function like pleadings rather than discovery devices." *Id.*, *citing* Ariz. R. Civ. P. 36(a) cmt. The rule itself identifies the "consequences which may be visited if there is a failure to properly respond," *Id.*; *see*

---

[3]We note in passing that Rule 36(a) has not been updated to conform to our supreme court's 1996 amendment of Rule 37, Ariz. R. Civ. P. The current Rule 36(a) states that parties' responses to requests for admission are "subject to the provisions of Rule 37(c)." However, the relevant language in Rule 37(c) was moved to new subsection (e) on November 22, 1996. *See* 186 Ariz. LXXXIII-LXXXVI (1996). Although Rule 36(a) was amended at about the same time, it was not amended to conform to the change in Rule 37. *See* 186 Ariz. LXVII-LXVIII (1996). Online Westlaw users may not observe the discrepancy because the Westlaw website automatically corrects it.

*also Phelps Dodge Corp. v. Superior Court*, 7 Ariz. App. 277, 285, 438 P.2d 424, 432 (1968) (Rule 36 "provides a built-in sanction for failing to answer"), *abrogated on other grounds by State v. Ott*, 167 Ariz. 420, 808 P.2d 305 (App. 1990), and allows a court to impose expenses upon a party who fails to properly respond, *see Sears Roebuck & Co.*, 127 Ariz. at 436, 621 P.2d at 942.

¶23        Finally, the grant of summary judgment here was not justified because there remained genuine issues of material fact. DeLong sought summary judgment as to count one (quiet title) and count two (breach of contract) of his amended complaint based on the deemed admissions. If deemed admitted, the facts would show that Merrill had signed a handwritten contract with DeLong, was loaned $5,143 by DeLong, did not repay the loan, and that "if [she] failed to repay the loan, DeLong would take full ownership of the Property."

¶24        In her response to the motion for summary judgment, which incorporated her untimely responses to the requests for admission, Merrill denied that the contract DeLong presented in the litigation was "a true and correct copy of the Contract she signed." She also maintained that she had "offered and attempted to repay the loan to Delong, [*sic*] but [he] failed and/or refused to accept repayment," and she denied that "Delong would take full ownership of the Property" if the loan was not repaid. Moreover, in her motion for reconsideration of the court's order granting summary judgment, Merrill asserted that the motion for summary judgment "ignore[d] all of [her] defenses for non-payment and factual explanations as to how and why payment was repeatedly attempted but not completed because of DeLong's intentional refusal to

13

cooperate and accept payment."[4]  In view of Merrill's response to the motion for summary judgment, late-filed responses to the requests for admission, and her motion for reconsideration, and construing all facts in her favor, *see Yollin*, 219 Ariz. 24, ¶ 6, 191 P.3d at 1043, there were genuine issues of material fact to be determined at trial.  "If there is any doubt as to whether an issue of material fact exists, summary judgment is inappropriate." *Nanini v. Nanini*, 166 Ariz. 287, 289, 802 P.2d 438, 440 (App. 1990).

**Disposition**

¶25        We reverse the trial court's denial of Merrill's request to amend her responses to DeLong's requests for admission by filing late responses, its decision granting summary judgment in DeLong's favor, its dismissal of Merrill's claims as moot based on its summary judgment ruling, and its award of attorney fees and costs to DeLong.  We remand this matter to the trial court for further proceedings consistent with this decision.  Merrill requests reasonable attorney fees and costs as the prevailing party on appeal in a contract action pursuant to A.R.S. §§ 12-341 and 12-341.01.  Upon

---

[4]In support of her assertions, Merrill submitted affidavits and other documents indicating (1) witness C.B. was prepared to testify that DeLong had ignored multiple telephone calls from Merrill because, DeLong had told C.B., "he knew Merrill had the money to pay him back and []he did not want to accept [it] so he could let the time lapse on the contract and take her property;" (2) since May 29, 2009, Merrill had sent numerous text messages to DeLong attempting to repay the loan and had received a few text responses with statements such as "no problem" and "I'll be home in three weeks"; (3) Merrill had $10,000 in two bank accounts prior to the due date of the loan in anticipation of paying it off; (4) after ultimately learning DeLong's address in Florida, Merrill's attorney delivered to him in July 2010 a letter and payoff check which were returned and, a few days later, DeLong left a voicemail message for Merrill's attorney claiming ownership of the property and that he had already sold it; and (5) the warranty deed Merrill had provided DeLong was intended solely as a security for the loan and was recorded by him without the required statutory notice to Merrill.

consideration of the merits of Merrill's and DeLong's claims, the novelty of the legal question presented on appeal, and DeLong's failure to file a responsive brief in this court, *see Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 394, 710 P.2d 1025, 1049 (1985), *superseded by statute on other grounds*, we grant Merrill's request upon her compliance with Rule 21, Ariz. R. Civ. App. P.

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

CONCURRING:

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Presiding Judge

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge

15