NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FERNANDO ESTRADA, a married man, *Plaintiff/Appellee*,

*v.*

CARLOS FIGARI and KATHRYN FIGARI, husband and wife,
*Defendants/Appellants*.

No. 1 CA-CV 14-0364
FILED 6-9-2015

Appeal from the Superior Court in Yuma County
No. S1400CV201201275
The Honorable Lawrence C. Kenworthy, Judge

**VACATED AND REMANDED**

COUNSEL

Garcia, Kinsey & Villarreal, PLC, Yuma
By Arturo I. Villarreal
*Counsel for Plaintiff/Appellee*

Law Offices of Kevin Koelbel, PC, Chandler
By Kevin Koelbel
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Donn Kessler joined.

---

**W I N T H R O P**, Judge:

¶1            Defendants Carlos and Kathryn Figari appeal from the entry of summary judgment against them determining they are liable for debt incurred by Figari Enterprises, Inc.  Because the record does not provide a sufficient factual or legal basis for holding the Figaris personally liable as a matter of law for corporate debt incurred by Figari Enterprises, we vacate the entry of summary judgment and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

¶2            In 2007, Estrada loaned Figari Enterprises $40,000 evidenced by a note secured by a deed of trust.  Carlos Figari signed the note and deed of trust as "President" of Figari Enterprises, Inc. and Figari Enterprises was identified as the trustor.  The parties later modified the note to increase the principal amount to $60,000.[1]   In 2010, the Arizona Corporation Commission administratively dissolved Figari Enterprises, Inc.

¶3            Estrada, not having been paid on the note, filed this action alleging breach of contract and unjust enrichment counts.  The complaint named Carlos and Kathryn Figari as defendants, in addition to "Carlos Figari Enterprises, Inc., a defunct corporation."[2]

---

[1]     The modification identified the borrower/trustor as Figari Enterprises.

[2]     In 2009, Figari Enterprises deeded the property identified in the deed of trust to Carlos Fabian subject to "encumbrances, liens . . . obligations, and liabilities as may appear of record."  The complaint also named Carlos and Jane Doe Fabian as defendants, and Estrada obtained a default judgment against them.  A third party foreclosed on the property.

**¶4** The Figaris and Figari Enterprises filed a joint answer. Thereafter, Estrada served requests for admission on the Figaris, which the Figaris never answered. Based on the admissions, which were deemed admitted pursuant to Arizona Rule of Civil Procedure ("Rule") 36(a) (2015)[3], Estrada filed a motion for summary judgment against the Figaris, only. Estrada argued that "[w]ith all the forgoing admissions being conclusively established, there are no remaining issues to be heard by the Trier of fact" and "Estrada is entitled to judgment as a matter of law." The Figaris never responded to the motion for summary judgment, and the court entered judgment against them.[4]

**¶5** Thereafter, the Figaris retained new counsel and filed a motion for new trial under Rule 59 arguing they could not be held liable for the corporate debt. The court denied their motion, and this timely appeal followed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-2101(A)(1) and (A)(5)(a).

## ANALYSIS

**¶6** We review the superior court's entry of summary judgment "on the basis of the record made in [that] court, but we determine *de novo* whether the entry of judgment was proper." *Schwab v. Ames Constr.*, 207 Ariz. 56, 60, ¶ 17, 83 P.3d 56, 60 (App. 2004). In determining whether summary judgment was proper, we apply the same standard as the trial court. *United Bank of Ariz. v. Allyn*, 167 Ariz. 191, 195, 805 P.2d 1012, 1016 (App. 1990). That standard is set forth in Rule 56(a), which provides that a court should enter summary judgment "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). Applying that standard, this court must determine whether the superior court properly entered summary judgment against the Figaris, personally, for debt incurred by Figari Enterprises, the corporation.

---

[3] Absent material revisions after the relevant dates, we cite the current version of a statute or rule unless otherwise indicated.

[4] The record indicates the Figaris were aware of the motion for summary judgment and instructed their attorney to respond. After judgment was entered against the Figaris, the attorney moved to withdraw due to "irreconcilable differences." The court granted her motion over the Figaris' opposition.

*I.    The Figaris' failure to respond to the requests for admission.*

**¶7**         The Figaris contend they should not be held to their admissions.  Relying on *DeLong v. Merrill*, 233 Ariz. 163, 310 P.3d 39 (App. 2013), they argue that "[w]hen upholding admissions 'would practically eliminate any presentation of the merits of the case,' it is an abuse of discretion to not allow a party to file late answers."  In response, Estrada points out that "at no time, prior to the entry of Judgment" did the Figaris seek relief from their failure to timely respond to the requests for admission.

**¶8**         If a party does not respond to requests for admission within 40 days after service, the matter is deemed admitted.  Ariz. R. Civ. P. 36(a).  Rule 36(c) provides that, "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."  Ariz. R. Civ. P. 36(c).  It is undisputed the Figaris never responded to the requests for admission; therefore, the matters contained in the requests were admitted.  Moreover, the Figaris never moved to seek relief from their deemed admissions.  Accordingly, the matters were conclusively established, and the superior court properly considered them in ruling on Estrada's motion for summary judgment.[5]

*II.    The Figaris' failure to respond to the motion for summary judgment.*

**¶9**         The Figaris argue that "[e]ven when a party does not respond to summary judgment, the court must review the record."  Estrada counters that summary judgment was proper because the Figaris "did not 'show any competent evidence' nor did Defendants 'produce any facts' in opposition . . . they simply did not [o]bject."

**¶10**        It is undisputed the Figaris did not respond to Estrada's motion for summary judgment and risked an unfavorable result.  *See Choisser v. State ex rel. Herman*, 12 Ariz. App. 259, 261, 469 P.2d 493, 495 (1970) ("The admonition in Rule 56(e) means that an adverse party who fails to respond does so at his peril because uncontroverted evidence favorable to the movant, and from which only one inference can be drawn, will be presumed to be true.").  A party's failure to respond or controvert a motion for summary judgment, however, does not automatically lead to entry of judgment.  *See Schwab*, 207 Ariz. at 59, ¶ 15, 83 P.3d at 59 ("A failure to

---

[5]        The Figaris are bound by their admissions on appeal.  *See Cont'l Bank v. Wa-Ho Truck Brokerage*, 122 Ariz. 414, 418, 595 P.2d 206, 210 (App. 1979) ("The Bank having failed to request the trial court to be relieved of this admission, is bound by the admission on appeal.").

respond to a motion for summary judgment with a written memorandum or opposing affidavits cannot, by itself, entitle the moving party to summary judgment."). Even if the non-moving party fails to respond, the court must still determine whether the record supports summary judgment. *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC,* 224 Ariz. 60, 65 n.7, ¶ 17, 226 P.3d 1046, 1051 n.7 (App. 2010).

¶11 As this court has explained, the moving party bears the burden of proof:

> A movant who . . . will bear the burden of proving its claim at trial thus bears the burden on a motion for summary judgment of producing uncontroverted prima facie evidence in support of its motion. . . .

> [W]hen the motion fails to show an entitlement to judgment, the adverse party need not respond to the motion with controverting evidence. This proposition is reflected in the rule itself, which states: "If the adverse party does not so respond [with evidence showing specific facts], summary judgment, *if appropriate*, shall be entered against the adverse party."

*Allyn*, 167 Ariz. at 196, 805 P.2d at 1017 (internal citations omitted); *see also Schwab*, 207 Ariz. at 60, ¶ 15, 83 P.3d at 60 ("The burden of showing that no genuine issue of material fact exists rests with the party seeking summary judgment.").

¶12 Here, the Figaris' failure to respond to the motion for summary judgment did not automatically entitle Estrada to judgment against them. Rather, Estrada had the burden of proving that no genuine issue of material fact existed and he was entitled to judgment against the Figaris, personally, as a matter of law.

> III. *On this record, Estrada is not entitled to entry of judgment against the Figaris as a matter of law.*

¶13 The Figaris argue the superior court erred in granting Estrada summary judgment because the record does not support holding the Figaris personally responsible for the debt of Figari Enterprises. Estrada,

by contrast, argues Figaris' admissions support entry of summary judgment.

**¶14**         A corporation "is organized as a legal entity to do business in its own right and on its own credit as distinct from the credit of its officers and stockholders." *Employer's Liab. Assur. Corp. v. Lunt*, 82 Ariz. 320, 323, 313 P.2d 393, 395 (1957).  Corporate officers are not "personally liable for the corporate debts simply by reason of being officers" of the corporation. *Id.*  Courts will pierce the corporate veil only in limited circumstances "when the corporation is the alter ego or business conduit of a person, and when to observe the corporation would work an injustice." *Dietel v. Day*, 16 Ariz. App. 206, 208, 492 P.2d 455, 457 (1972); *Honeywell, Inc. v. Arnold Constr. Co.*, 134 Ariz. 153, 159, 654 P.2d 301, 307 (App. 1982) ("In order for a corporate 'veil' to be pierced, the corporation must be considered the alter ego of the individual whose property is sought.").

**¶15**         The record before the superior court reveals the following:  (1) Carlos Figari signed the note as president of Figari Enterprises; (2) the note identifies the trustor as Figari Enterprises; (3) Carlos Figari signed the deed of trust as president of Figari Enterprises; (4) the deed of trust identifies Figari Enterprises as the trustor; and (5) the modification to the promissory note identified the borrower/trustor as Figari Enterprises.  The relevant documents contained in the record establish that the corporation, Figari Enterprises, was the borrower on the note and the trustor on the deed of trust.

**¶16**         Estrada also argues the Figaris are personally liable because they admitted in their answer that "[a]ll actions taken by Defendants Figari were in the furtherance of the marital community."  This admission, however, does not establish the Figaris' personal liability for the corporate debt.  Carlos Figari signed the note and deed of trust as "President" of Figari Enterprises, not in his individual capacity, and his signature bound the corporation only.  *See Kitchell Corp. v. Hermansen*, 8 Ariz. App. 424, 427, 446 P.2d 934, 937 (1968) (holding that when a corporation's name is followed by "the name of a corporate officer who affixes his corporate title to his name, such a signature makes the corporation, not the individual, liable").

**¶17**         Estrada also argues that by failing to respond to the requests for admissions, the Figaris "conclusively admitt[ed] Appellants['] debt to Appellee."  We disagree.  The following admissions, which define

6

"defendants" broadly and ambiguously to include Figari Enterprises[6], do not establish the Figaris' personal liability for the debt:

1. Admit that the attached Exhibit A is a true and correct copy of the First Loan Agreement entered into between Plaintiff and Defendant.

2. Admit that pursuant to the attached Exhibit A Defendants were to pay Plaintiff Four Hundred dollars ($400.00) a month beginning on February 7, 2007.

   . . .

6. Admit that the attached Exhibit B is a true and correct copy of the Second Loan Agreement entered into between Plaintiff and Defendant.

7. Admit that pursuant to the attached Exhibit B Defendants were to pay Plaintiff Six Hundred dollars ($600.00) a month beginning on October 1, 2007.

   . . .

14. Admit that[] Defendants have failed or refused to pay Plaintiff.

   . . .

19. Admit that Defendants, by failing to pay Plaintiff, materially breached the First Loan Agreement.

20. Admit that Defendants, by failing to pay Plaintiff, materially breached the Second Loan Agreement.

These admissions do not establish Estrada's right to pierce the corporate veil and hold the Figaris personally liable for debt incurred by the corporation. The general use of the term "defendants," broadly defined in

---

[6] The requests for admission define defendants as:

"Defendant," "Defendants," "you," or "your" refers to Defendants Carlos Figari and Kathryn Figari, Defendants corporations, limited liability companies, partnerships, agents, attorneys, investigators, employees, representatives and/or officers.

the request for admissions, does not supersede the clear intent of the relevant documents to bind only the corporate entity.

¶18          In response to Figaris' motion for new trial, Estrada suggests the corporate veil dissolves along with the corporation.  Estrada goes on to argue that, pursuant to A.R.S. § 10-1405(A)(3), the Figaris "should have been 'discharging or making provisions for discharging its liabilities.'"  That statute, however, provides only that a dissolved corporation continues its corporate existence in order to "wind up and liquidate its business and affairs," which includes discharging its debts.  A.R.S. § 10-1405(A).  Despite Estrada's attempted reliance on this statute, there are no facts in the record reflecting what Carlos Figari, as president of Figari Enterprises, did or did not do at the time of the corporation's dissolution.

¶19          Estrada's motion for summary judgment, when viewed in light of the underlying documents in the record, presents no sufficient factual or legal basis for holding Carlos and Kathryn Figaris personally liable as a matter of law for debt incurred by the corporation, Figari Enterprises.  Accordingly, Estrada has failed to meet his burden of proving that he is entitled to judgment as a matter of law.  Based on this record, the superior court erred in granting summary judgment in favor of Estrada.[7]

---

[7]          Apart from the breach of contract claim, Estrada alleged an unjust enrichment claim "[i]n the alternative."  To prevail on such an equitable claim, Estrada was required to show an "absence of a remedy provided by law." *See City of Sierra Vista v. Cochise Enters., Inc.*, 144 Ariz. 375, 381, 697 P.2d 1125, 1131 (App. 1984).  Estrada's motion for summary judgment claimed the Figaris materially breached contracts, sought attorneys' fees under A.R.S. § 12-341.01 and did not claim the absence of a legal remedy.  Although not stating a basis for granting Estrada's summary judgment motion, the superior court awarded Estrada attorneys' fees and costs under the note, implicitly reflecting a ruling that Estrada stated a valid claim for breach of contract as a matter of law, a ruling precluding recovery on the unjust enrichment claim. *See USLife Title Co. of Arizona v. Gutkin*, 152 Ariz. 349, 354, 732 P.2d 579, 584 (App. 1986).  Accordingly, the record indicates the superior court rejected Estrada's alternative unjust enrichment claim.  Given that this court is vacating the summary judgment ruling for Estrada on the breach of contract claim, the superior court's ruling apparently rejecting Estrada's unjust enrichment claim similarly is vacated and the

## CONCLUSION

¶20      For the foregoing reasons, we vacate the judgment of the superior court and remand for further proceedings. Although the Figaris request an award of attorneys' fees on appeal, they cite no statute supporting an award, and we decline their request. *See* ARCAP 21(a)(2). We award the Figaris their costs on appeal upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

claims are remanded for further proceedings consistent with this memorandum decision.