NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MOON VALLEY NURSERY, INC., *Plaintiff/Appellee,*

*v.*

TEGROUS, LLC, *Defendant/Appellant.*

No. 1 CA-CV 16-0291
FILED 10-24-2017

Appeal from the Superior Court in Maricopa County
No. CV2014-004171
The Honorable Douglas Gerlach, Judge

**AFFIRMED IN PART; REVERSED IN PART**

COUNSEL

Polsinelli PC, Phoenix
By Troy B. Froderman, John Barwell, Lauren Crawford
*Counsel for Plaintiff/Appellee*

The Nathanson Law Firm, Scottsdale
By Philip J. Nathanson
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

---

**C R U Z**, Judge:

¶1          Defendant Tegrous, LLC appeals from certain pre-judgment and post-judgment orders, including the superior court's order granting Plaintiff Moon Valley Nursery, Inc.'s motion for new trial.[1]   For the following reasons, we affirm in part and reverse in part.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          In early 2013, Moon Valley engaged Tegrous to provide technology and consulting services for the purpose of updating Moon Valley's accounting software.  In early 2014, Moon Valley sued Tegrous, alleging breach of contract and breach of the covenant of good faith and fair dealing, claiming Tegrous did not perform the work required by the parties' agreement.

¶3          As relevant on appeal, in October 2014, Moon Valley propounded the following requests for admission to Tegrous:

> #1     Admit that you agreed to reimburse Moon Valley $40,000 for your failure to satisfy the obligations under the Tegrous Agreement.

> #2     Admit that you tendered a $40,000 check to Moon Valley for your failure to satisfy the obligations under the Tegrous Agreement.

---

[1]     The statement of facts in the opening brief does not comply with Arizona Rule of Civil Appellate Procedure 4(b)(2) or (4) (outlining the appropriate type, font size, and line spacing for an appellate brief) or 13(a)(5) (requiring a statement of facts "that are relevant to the issues presented for review").  Accordingly, we disregard it and rely on Moon Valley's statement of facts and our own review of the record. *See State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n. 1 (App. 1998).

#3     Admit that you cancelled payment on the $40,000 check without any legal justification.

#4     Admit that you owe Moon Valley at least $40,000.

#6     Admit that Moon Valley paid Tegrous $65,000 under the Tegrous Agreement without receiving any benefit.

#7     Admit that in May 2014 you told Moon Valley that the work that Tegrous was to perform under the Tegrous Agreement would consume more hours than you originally anticipated.[2]

*See generally* Ariz. R. Civ. P. ("Rule") 36.[3]

**¶4**          Tegrous did not respond to the requests for admission.  Later, Moon Valley moved for summary judgment based, in part, on the matters deemed admitted pursuant to Rule 36(a).[4]  In response, Tegrous argued that summary judgment was improper because the requests sought admissions to legal conclusions, not factual matters.  *See* Ariz. R. Civ. P. 36(b).  In any event, Tegrous argued, Moon Valley did not meet its burden of production on causation, *i.e.*, why the software integration project failed.  To this end,

---

[2]     Moon Valley withdrew request #5 prior to trial.

[3]     After the events and rulings at issue here, the Arizona Rules of Civil Procedure were revised effective January 1, 2017 to reflect comprehensive stylistic and substantive changes.  To be consistent with the record below and the briefing on appeal, we cite the former version of the Rules.

[4]     Rule 36(a) provided, in relevant part:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact[.] . . . *The matter is admitted unless*, within (40) days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission *a written answer or objection* addressed to the matter[.]

(Emphasis added.)

Tegrous submitted the affidavit of its president, Shawn Tibbitts, who testified the project's failure was the result of Moon Valley's unstable software system.

**¶5**        The superior court concluded that Tegrous had waived its objection to the requests for admission by failing to respond or request an extension of the deadline.  Nevertheless, the court denied Moon Valley's motion on the basis that "the matters stated in the Tibbitts' affidavit are sufficient to meet the low bar necessary to withstand summary judgment."  The court also determined that Tegrous' failure to comply with Rule 36 was sanctionable, "especially when, as here, Moon Valley Nursery incurred attorney[s'] fees preparing a motion for summary judgment that may have never been filed had Tegrous complied with Rule 36 and what the disclosure rules require."  Subsequently, the court awarded Moon Valley $17,850 in attorneys' fees incurred in moving for summary judgment.

**¶6**        A month before trial, Tegrous filed a motion in limine seeking to withdraw its admissions.  *See* Ariz. R. Civ. P. 36(c).  The superior court denied the motion at the final pretrial management conference, finding that Moon Valley would be unfairly prejudiced if it were required to "prove up" the admissions on the eve of trial.  The court intended to read the admissions to the jury as findings of fact and Moon Valley requested that Tegrous be precluded from offering any contrary evidence.  However, the next day, just before opening statements, the court ruled it would not read request #4 to the jury because it was "too confusing."  Over Moon Valley's objection, the court concluded:

> You can seek recovery of that amount, and we will tell the jury about this $40,000 check and cancellation.  But I'm not going to instruct the jury that it has been established that Tegrous owes Moon Valley at least $40,000.  And the reason I'm not going to do it is because I think [Tegrous' counsel] correctly points out the "at least" . . . that's going to be too confusing for the jury.

> Present your evidence and tell them how much you are owed.  And I don't think I'm undermining your case in the slightest by not giving number four.

**¶7**        After a two-day trial, the jury returned a defense verdict.  Moon Valley then moved for new trial, arguing that errors of law by the court, including the preclusion of request #4, "effectively gutted" its case.

*See* Ariz. R. Civ. P. 59(a)(6). Tegrous did not file a response. The superior court granted the motion, concluding:

> [Moon Valley] quarrel[s] with the court's treatment of requests for admission served by Moon Valley before trial to which Tegrous did not respond within the time required by Ariz. R. Civ. P. 36(a). In doing so, [Moon Valley] seemingly overlook[s] that Rule 36 permits the court to allow the withdrawal of an otherwise conclusively established admission when, as here, "the presentation of the merits of the action will be subserved thereby." What the court failed to appreciate when doing so, however, was the unfair prejudice that the timing of that ruling would impose on Moon Valley.

¶8        Shortly thereafter, Tegrous moved to vacate the new trial ruling, asserting it had not received Moon Valley's post-trial motion and requesting leave to respond to it. The superior court denied Tegrous' motion, explaining:

> . . . The court's [new trial] ruling explained that a new trial was warranted because *allowing defendant Tegrous, LLC to, in effect, withdraw what otherwise was a damaging admission* unfairly prejudiced plaintiff Moon Valley Nursery, Inc.

> It is beyond fair dispute that Tegrous had the court's ruling in hand before filing the motion to vacate, and yet, the [Tegrous] motion fails to address, much less challenge, even implicitly, the basis for the court's ruling. Since then, the court has received a reply memorandum submitted on behalf of Tegrous that, without reference to any applicable authority, devotes no more than three sentences to the basis for the court's ruling, and as such, fails to demonstrate persuasively that the court's concern about unfair prejudice was misguided.

> . . .

> At trial, the court concluded that its decision would not prejudice Moon Valley unfairly. In retrospect, and especially after reading and rereading the parties' post-trial submissions, the court is unable to reach the same conclusion with any meaningful conviction because *it is apparent that, when preparing its case for trial, Moon Valley relied on the*

5

*conclusive effect of Tegrous' admission about what was a conceded amount for which Tegrous was liable.* Thus, to grant Tegrous' motion in these circumstances would amount to little more than an unwarranted, stubborn refusal to correct a mistake. Although the court regrets the error, the court is not willing to let it slide.

In view of what is said here, the Tegrous motion's complaint about not receiving Moon Valley's motion for a new trial is beside the point. Tegrous has had a sufficient opportunity to consider and address the basis for the court's [new trial] ruling.

(Emphasis added.)

**¶9** Tegrous timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(5)(a).

## DISCUSSION

I. Tegrous' Appeal

    A. Motion to Withdraw Admissions

**¶10** Tegrous argues the superior court erred by not allowing it to withdraw the admissions. "The trial court has broad discretion to resolve discovery matters, which we will not disturb absent a showing of abuse." *MM&A Prods., LLC v. Yavapai-Apache Nation*, 234 Ariz. 60, 66, ¶ 18 (App. 2014). "An abuse of discretion occurs when there is no evidence to support a holding or the court commits an error of law when reaching a discretionary decision." *Dowling v. Stapley*, 221 Ariz. 251, 266, ¶ 45 (App. 2009); *see also Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455-56 (1982).

**¶11** If a party does not respond to requests for admission within 40 days after service, the matter is deemed admitted. Ariz. R. Civ. P. 36(a). Once admitted, the matter "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Ariz. R. Civ. P. 36(c). Subject to the provisions of Rule 16, withdrawal or amendment may be permitted when (i) "the presentation of the merits of the action will be subserved thereby" and (ii) the party who obtained the admission fails to show it would be prejudiced "in maintaining the action or defense on the merits." *Id.*

6

**¶12** Tegrous suggests that Moon Valley failed to show it would be prejudiced by Tegrous' late responses to the requests for admissions. *See DeLong v. Merrill*, 233 Ariz. 163, 167, ¶¶ 13-14 (App. 2013) (discussing "the prejudice prong" of Rule 36(c)). Tegrous, however, did not file a response to Moon Valley's request for admissions and did not file its motion to withdraw until approximately four and a half months after the court's ruling on Moon Valley's summary judgment motion and only one month before trial. In opposing Tegrous' motion to withdraw, Moon Valley explained the strategic decisions it made in reliance on the matters deemed admitted, specifically (1) deciding what evidence it needed to prove its claims, (2) selecting the questions to ask Tibbetts at his deposition, (3) determining the facts it needed to investigate to prove its case, and (4) deciding which witnesses it would interview, depose, and call to testify. In denying the motion, the superior court properly focused on the prejudice Moon Valley would suffer at trial. *See DeLong*, 233 Ariz. at 167, ¶ 13 ("Prejudice is more likely to be found when the motion to withdraw or amend is made during trial or when a trial is imminent.") (citations omitted). Tegrous offers no other basis of error, nor do we find any.

### B. Motion to Vacate/Motion for New Trial

**¶13** Tegrous argues that it should have been allowed an opportunity to respond to Moon Valley's motion for new trial. We construe this argument to assert a denial of due process. Due process requires the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). We review this issue de novo. *Jeff D. v. Dep't of Child Safety*, 239 Ariz. 205, 207, ¶ 6 (App. 2016).

**¶14** The party asserting a denial of due process must show prejudice. *See Cty. of La Paz v. Yakima Compost Co.*, 224 Ariz. 590, 598, ¶ 12 (App. 2010); *see also Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 91, ¶ 30 (App. 1998). Tegrous has shown none. Tegrous contends the underlying premise of the superior court's new trial ruling—that the court should not have allowed Tegrous to withdraw an admission prior to trial—was factually incorrect. However, regarding request #4, the record supports the court's finding. The morning of trial, the court concluded it would "not [give] number four," and the admission that Tegrous "owed Moon Valley at least $40,000" was not read to the jury. In granting a new trial, the court determined that "allowing defendant Tegrous, LLC to, in effect, withdraw what otherwise was a damaging admission unfairly prejudiced plaintiff Moon Valley Nursery, Inc." Again, Tegrous offers no explanation of error.

¶15        The superior court has "significant latitude" in ruling on a motion for new trial. *Soto v. Sacco*, 242 Ariz. 474, 478, ¶ 8 (2017).  It may grant a new trial if "[e]rror in the admission or rejection of evidence, error in the charge to the jury, or in refusing instructions requested, or other errors of law occurring at the trial or during the progress of the action" materially affect the moving party's rights.  Ariz. R. Civ. P. 59(a)(6). Reviewing the court's decision to grant a new trial for an abuse of discretion, *see Englert v. Carondelet Health Network*, 199 Ariz. 21, 25, ¶ 5 (App. 2000), we find no error.

C.        Sanctions

¶16        Tegrous challenges the superior court's award of attorneys' fees as a sanction for Tegrous' failure to respond to Moon Valley's requests for admission.  We review an order imposing sanctions for an abuse of discretion. *Seidman v. Seidman*, 222 Ariz. 408, 411, ¶ 18 (App. 2009).

¶17        Tegrous argues there is no evidence supporting the superior court's conclusion that, but for Tegrous' failure to comply with Rule 36, Moon Valley "may" not have incurred attorneys' fees to prepare a summary judgment motion.  We agree.  Therefore, we reverse the award of attorneys' fees as a sanction.

II.        Moon  Valley's  Additional  Arguments  and  Request  for "Confirmation" of the Admissions

¶18        Finally, Moon Valley asks that we confirm that "the unanswered requests for admission are deemed wholly and fully established for all purposes in this litigation, including for the new trial." We decline to do so. *See* Ariz. R. Civ. P. 36(c) (stating that the superior court has discretion to allow withdrawal or amendment of an admission when "the presentation of the merits of the action will be subserved thereby" and the party who obtained the admission fails to show it would be prejudiced). To the extent Moon Valley requests the judgment be modified to enlarge its rights or reduce Tegrous' rights, we have no jurisdiction to do so absent a cross appeal. *See* ARCAP 13(b)(2); *see also Engel v. Landman*, 221 Ariz. 504, 510, ¶ 17 (App. 2009).

## CONCLUSION

**¶19** For the foregoing reasons, we affirm in part and reverse in part. We defer Moon Valley's requests for attorneys' fees and costs on appeal to the superior court, pending resolution of the case. *See Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 204, ¶ 37 (App. 2007).



AMY M. WOOD • Clerk of the Court
FILED:  AA