NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SOL JAFFE, *Plaintiff/Appellant,*

*v.*

LEGACY PARTNERS RESIDENTIAL INC, et al., *Defendants/Appellees.*

No. 1 CA-CV 19-0505
FILED 4-23-2020

Appeal from the Superior Court in Maricopa County
No. CV2019-001192
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Sol Jaffe, Phoenix
*Plaintiff/Appellant*

Hull Holliday & Holliday PLC, Phoenix
By Andrew M. Hull, Denise M. Holliday, Kevin W. Holliday, Matthew
Schlabach
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Chief Judge Peter B. Swann joined.

---

**H O W E**, Judge:

**¶1**        Sol Jaffe appeals the trial court's granting Legacy Partners Residential Inc.'s, and others, motion to dismiss for failure to state a claim.[1] For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Jaffe rented an apartment from Legacy in 2009. In 2015, his apartment became uninhabitable due to lack of maintenance and Jaffe was threatened with eviction. In February 2016, Legacy moved to evict Jaffe from his apartment and Jaffe signed a stipulated judgment that he would move out of the apartment by February 29, 2016, pay any balance owed, and not feed stray cats on the property. In exchange, Legacy agreed to vacate the judgment and dismiss the case once Jaffe complied with the stipulated terms.

**¶3**        When things did not go as Jaffe had hoped, he claimed that Legacy also promised, but failed, to provide him with a reference to a new apartment. Jaffe then moved the justice court to vacate the judgment. When Jaffe raised this issue in his motion with the justice court, it denied his motion and he appealed. His appeal was dismissed later in 2016 because he did not appear for a bond hearing.

**¶4**        In February 2019, Jaffe sued Legacy in trial court for common law fraud, intentional infliction of emotional distress, and declaratory relief. Legacy moved to dismiss the complaint under Arizona Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief could be granted. Legacy argued that Jaffe was barred from raising these claims based on claim preclusion because Jaffe already litigated the

---

[1]        Jaffe's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure 13(a), but this Court prefers to address cases on the merits. *See DeLong v. Merrill*, 233 Ariz. 163, 166 ¶ 9 (App. 2013).

enforceability of the stipulated judgment and had the opportunity to bring his intentional infliction of emotional distress claim during the eviction action. The trial court granted Legacy's motion, finding that Jaffe had previously raised his claims or had the opportunity to do so in the eviction action. Jaffe moved for reconsideration and the court denied the motion. Jaffe timely appealed.

## DISCUSSION

¶5　　　　We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Swenson v. Cty. of Pinal*, 243 Ariz. 122, 125 ¶ 5 (App. 2017). In reviewing a trial court's decision to dismiss a complaint for failure to state a claim, we assume the well-pleaded facts alleged are true and indulge all reasonable inferences from those facts. *Coleman v. City of Mesa*, 230 Ariz. 352, 356 ¶ 9 (2012). We will affirm the dismissal only if the plaintiff would not be entitled to relief under any interpretation of the facts susceptible to proof. *Fidelity Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224 ¶ 4 (1998). We also review the claim preclusive effect of a prior judgment de novo. *Howell v. Hodap*, 221 Ariz. 543, 546 ¶ 17 (App. 2009).

¶6　　　　Claim preclusion bars a claim when the earlier suit (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties. *Id.* at 546 ¶ 17. Claim preclusion also precludes claims based on facts that were not only litigated but might have been litigated. *Pettit v. Pettit*, 218 Ariz. 529, 533 ¶ 10 (App. 2008).

¶7　　　　Jaffe's fraud claim is barred by claim preclusion. His complaint alleges that the stipulated judgment he entered with Legacy should be vacated based on fraud. Jaffe, however, admitted in his complaint that he already challenged the stipulated judgment in justice court and appealed that decision. Because Jaffe already challenged the enforceability of the stipulated judgment, which was resolved on the merits and between the same parties, Jaffe's fraud claim is precluded.

¶8　　　　The record reveals that Jaffe's intentional infliction of emotional distress claim is barred by the statute of limitations and we may affirm the trial court's ruling if the court is correct for any reason apparent in the record. *See Equihua v. Carondelet Health Network*, 235 Ariz. 504, 508 ¶ 15 (App. 2014). Actions must be commenced within two years after a cause of action accrues for injuries done to the person of another. A.R.S. § 12–542(1). Jaffe brought his claim for intentional infliction of emotional distress in February 2019, more than two years after he entered the

stipulated judgment in February 2016. As a result, Jaffe's intentional infliction of emotional distress claim is barred.

¶9        Jaffe argues that the trial court erred by awarding Legacy its attorneys' fees. Jaffe, however, failed to challenge the award of attorneys' fees with that court and his argument is waived on appeal. *See Henderson v. Henderson*, 241 Ariz. 580, 586 ¶ 16 (App. 2017). Jaffe also waived his argument that the trial court's ruling violated his 8th and 14th Amendment Rights because he raised that argument for the first time in his motion for reconsideration. *See Powers v. Guaranty RV, Inc.*, 229 Ariz. 555, 561 ¶ 24 (App. 2012).

**CONCLUSION**

¶10        For the foregoing reasons, we affirm. Because Legacy fails to cite any authority in support of its request for attorneys' fees, we decline to award them. *See* ARCAP 21(a)(2). As the prevailing party, however, Legacy is entitled to its costs incurred on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA