887 P.2d 631

**Monika S. NYDAM, a widow, Plaintiff–Appellant,**

**v.**

**Roger L. CRAWFORD, a single man and Ellias Elhaddad, a single man, Defendants–Appellees.**

**No. 1 CA–CV 93–0246.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 29, 1994.

Law Offices of Paul Lenkowsky by Gregory A. Ring and Paul Lenkowsky, Bullhead City, for plaintiff/appellant.

No appearance for defendants/appellees.

**OPINION**

FIDEL, Judge.

Plaintiff appeals from summary judgment granted to defendants in her suit to collect an unpaid promissory note. The court ruled that the anti-deficiency statute, Arizona Revised Statutes Annotated section ("A.R.S. §") 33–814(G), barred the action.[1] Plaintiff contends that the trial court misapplied the statute. We hold that the trial court correctly applied the statute, as interpreted by our supreme court in *Baker v. Gardner*, 160 Ariz. 98, 770 P.2d 766 (1988).

Defendants did not file an answering brief in this court, which could constitute confession of reversible error. *E.g., Pinal County Juvenile Action No. S–389*, 151 Ariz. 564, 729 P.2d 918 (App.1986). This doctrine is discretionary, however, and we are reluctant to reverse based on an implied confession of error when, as here, the trial court has correctly applied the law. *Id.*

---

* The Honorable Daniel E. Nastro, Judge of the Maricopa County Superior Court, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to the Arizona Constitution, article VI, section 31, and A.R.S. sections 12–145 to –147 (1992).

1. A.R.S. § 33–814(G) provides:
   **G.** If trust property of two and one-half acres or less which is limited to and utilized for either a single one-family or a single two-family dwelling is sold pursuant to the trustee's power of sale, no action may be maintained to recover any difference between the amount obtained by sale and the amount of the indebtedness and any interest, costs and expenses.
   The plaintiff has also cited A.R.S. § 33–729(A), the anti-deficiency statute dealing with mortgages. We question its applicability here.

## BACKGROUND

Plaintiff and her husband purchased property of a type within the anti-deficiency statute and gave the sellers a promissory note. Plaintiff later sold the property to defendants. As part of the purchase price, defendants assumed the note plaintiff and her husband had given the prior owners, which was secured by a first-position deed of trust. For the balance of the purchase price, defendants gave plaintiff a promissory note, secured by a second-position deed of trust. When defendants defaulted on both obligations, the prior owners conducted a trustee's sale and were successful bidders.

Plaintiff then brought this action on the note defendants had executed in her favor. The parties filed cross-motions for summary judgment; the trial court granted defendants' motion, and plaintiff filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. § 12–2101(B).

## DISCUSSION

■ *Baker* is nearly, but not quite, on all fours with this case. In *Baker*, defendants' purchase was financed in part by a loan from ICA Mortgage Corporation ("ICA"), and the sellers took a note for the remainder. ICA had a first-position deed of trust, with the sellers' deed of trust in second position. When the defendants defaulted on both notes, ICA noticed a trustee's sale. Before the trustee's sale took place, the second-position deedholders filed suit on their promissory note. The trial court ruled the action prohibited by the anti-deficiency statute (then numbered A.R.S. § 33–814(F) and (E)), and our supreme court affirmed. The court concluded

> that the Legislature intended to take away from creditors the option of suing upon the note in [the specified type of] transaction. This construction of the statute not only prevents its evasion, but also gives effect to the Legislature's intent.

*Baker*, 160 Ariz. at 104, 770 P.2d at 772 (quoting *Ross Realty Co. v. First Citizens*

Bank & Trust, 296 N.C. 366, 250 S.E.2d 271, 275 (1979)).

Like the Bakers, plaintiff is a second-position deedholder, attempting to collect on her note in the face of the first-position deedholder's trustee's sale. Plaintiff attempts to distinguish *Baker*, however, because she filed her lawsuit after the trustee's sale, whereas the Bakers sued the Gardners before the trustee's sale. Plaintiff argues that, unlike the Bakers, she did not commit the forbidden act of waiving her security and suing on her note; instead, because the trustee's sale extinguished her security, she had no security to waive. She adds that she did not seek a deficiency judgment because, in the absence of security, there could be no deficiency.

Plaintiff's argument is defeated by the plain wording of the anti-deficiency statute. Although that statute covers cases under A.R.S. § 33–722 in which one has elected to waive security and sue directly on the debt,[2] it is not restricted to such cases. Nor, as *Baker* illustrates, is it restricted to cases in which the person seeking the deficiency also conducted the trustee's sale. Section 33–814(G) provides more comprehensively that no deficiency judgment may be obtained if qualifying "trust property . . . is sold pursuant to the trustee's power of sale." Because this qualifying property was sold pursuant to the trustee's power of sale, it falls within the express wording of the statute.

Plaintiff's argument is also defeated by the reasoning of *Baker*. Our supreme court there defined the purpose of the anti-deficiency statute as protecting homeowners from "the financial disaster of losing their homes to foreclosure plus all their other nonexempt property on execution of a judgment for the balance of the purchase price." *Baker*, 160 Ariz. at 101, 770 P.2d at 769. The *Baker* court expressly contemplated the tandem impact of a first-position deedholder's trustee's sale followed by a second-position deedholder's suit on a second note:

> The Gardners presumably lost whatever equity they had in the house on the nonjudicial sale noticed by ICA under the first

2. Section 33–722 provides: "If separate actions are brought on the debt and to foreclose the mortgage given to secure it, the plaintiff shall

elect which to prosecute and the other shall be dismissed."

trust deed. Under the court of appeals' opinion, the Gardners would have faced sale of their other assets on execution of the judgment on the note secured by the Bakers' second deed of trust. In our view, the legislature would not have protected homeowners from deficiency judgments but still permitted the holder of a mortgage or deed of trust to obtain essentially the same result by waiving the security and bringing action on the note. This statutory construction seems inconsistent with the patent legislative objective.

*Id.* at 101–02, 770 P.2d at 769–70.

Here, as in *Baker,* for the second-position deedholder to execute on her note after the first-position deedholder extinguished the property owner's equity would be "inconsistent with the patent legislative objective." The trial court correctly recognized that § 33–814(G) and *Baker* control this case.

The judgment of the trial court is affirmed.

GRANT and GERBER, JJ., concur.