NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

KATHERINE DAVIES, *Petitioner/Appellee*,

*v.*

JONATHAN DAVIES, *Respondent/Appellant*.

No. 1 CA-CV 13-0218
FILED 03/18/2014

Appeal from the Superior Court in Maricopa County
No. FN2012-093086
The Honorable Bethany G. Hicks, Judge

**AFFIRMED**

COUNSEL

Jonathan Davies, Mesa
*Respondent/Appellant In Propria Persona*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

**G E M M I L L,** Judge:

¶1          Appellant Jonathan Davies ("Husband") and Appellee Katherine Davies ("Wife") were married in Maricopa County in October 2011.  Wife filed a petition for dissolution in July 2012.  In January 2013, the trial court entered a decree dissolving the marriage and taking under consideration the ownership of wedding rings and the issue of legal fees. The court later ruled that the engagement ring and wedding ring had been gifts to Wife and awarded her ownership of the rings.  Husband timely appeals to challenge the allocation of the rings to Wife, and we have jurisdiction pursuant to Arizona Revised Statutes sections 12-120.21(A)(1) and -2101(A)(1).

¶2          We note, initially, that Wife did not file an answering brief on appeal.  Although Wife's failure to file an answering brief could be considered a confession of error, we choose in our discretion to resolve this appeal on the merits.  *See Nydam v. Crawford*, 181 Ariz. 101, 101, 887 P.2d 631, 631 (App. 1994).

¶3          We apply an abuse of discretion standard when reviewing the family court's division of property.  *In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15, 5 P.3d 911, 915 (App. 2000).  We view the evidence in the light most favorable to sustaining the family court's findings and determine whether there was evidence that reasonably supports the court's findings.  *Mitchell v. Mitchell*, 152 Ariz. 317, 323, 732 P.2d 208, 214 (1987).  As the trier of fact, it is the family court's responsibility to observe the parties, weigh the evidence, make credibility determinations, and resolve disputed issues of fact.  *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347-48, ¶ 13, 972 P.2d 676, 680-81 (App. 1998).

¶4          Husband alleges that he and Wife had agreed, both orally and in writing, that Wife would return the rings in the event of a divorce, and argues, therefore, that the family court erred in awarding the rings to Wife.  He also argues that the trial court did not give enough weight to the timing or order of events leading up to the dispute over the rings. Husband's evidence was presumably presented to the family court at the dissolution trial, and he is in essence challenging the sufficiency of the evidence to support the family court's decision regarding the rings. Husband has not provided us a transcript of the trial, however.

¶5          An appellant has the burden to ensure that the record on appeal contains all the necessary documents, including a transcript, for this court to consider the issues raised.  *Blair v. Burgener*, 226 Ariz. 213,

217, ¶ 9, 245 P.3d 898, 902 (App. 2010); *see also* ARCAP 11(b)(1) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a certified transcript of all evidence relevant to such finding or conclusion."). In the absence of a transcript, an appellate court must presume that the evidence presented at the trial supports the family court's rulings. *Kohler v. Kohler*, 211 Ariz. 106, 108 n. 1, ¶ 8, 118 P.3d 621, 623 n. 1 (App. 2005).

**¶6** Because Husband failed to provide a transcript of the trial, we must presume the evidence presented at trial supports the court's determination that the rings had been gifts to Wife. We therefore affirm the judgment of the trial court.



Ruth A. Willingham · Clerk of the Court
FILED: gsh