NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Marriage of:

MELANIE BLYTHE HOPE,
*Petitioner/Appellant*,

v.

JASON DOUGLAS HOPE,
*Respondent/Appellee*.

No. 1 CA-CV 19-0026 FC
FILED 3-19-2020

Appeal from the Superior Court in Maricopa County
No. FC2011-093940
The Honorable Joshua D. Rogers, Judge

**AFFIRMED**

COUNSEL

Melanie Blythe Hope, Los Lunas, NM
*Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

**¶1**          Melanie Blythe Hope ("Mother") appeals the superior court's modification of custody over three minor children. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**          Mother and Jason Douglas Hope ("Father") divorced in 2011. The final decree of June 2011 recognized the parents would share joint custody, but their three minor children would reside with Mother as the primary caretaker. Just weeks later, Mother fled to Mexico with the children in violation of the decree. The court found Mother violated the decree and ordered her to return the children to Arizona. The court then modified the decree, ordering that joint custody would continue, but the children would live primarily with Father and Father would have sole legal decision-making authority. The court also ordered that "[b]oth parents shall be required to exercise any and all parenting time in Maricopa County, Arizona."

**¶3**          The children have since lived with Father in Maricopa County. Mother lived in Mexico from 2011 to 2017 and relocated to New Mexico in 2017. She has not seen the children since June 2013 and their last conversation was in August 2016.

**¶4**          Father petitioned to modify the agreement in January 2018 and suspend Mother's parenting time until a "therapist recommends the children are ready" to reconstruct their relationship with Mother. Mother filed no response. She did, however, seek sanctions against Father for allegedly violating the decree. After a hearing and argument, the court modified the decree to eliminate Mother's parenting time, finding that Mother "would endanger" the children's well-being with "continuing contact" because they "have not had any physical contact with Mother for five [] years." Even so, the court appointed a therapeutic interventionist to formulate a "long-term plan" for Mother to reunify with the children. The court ordered that Mother bear the full expense of an interventionist

because her "decisions to voluntarily waive her parenting time" for several years "necessitated the involvement of a therapeutic interventionist."

¶5        Mother timely appeals and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-120.21(A)(1).

## DISCUSSION

¶6        Mother only argues the superior court erred by requiring her to pay for a therapeutic interventionist.  Although Father filed no responsive brief, we consider the merits of this appeal in our discretion.  *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).  We review for an abuse of discretion.  *In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983).

¶7        Mother argues the costs of a therapeutic interventionist must be allocated based on the financial circumstances of the parties under A.R.S § 25-406(B), but the therapeutic interventionist here was appointed under A.R.S. § 25-405(B), which has no such requirement.  Nor does Arizona Rule of Family Law Procedure 95(a) limit the court's discretion or inquiry to financial circumstances.  The court held multiple hearings and determined that Mother should cover the cost of a therapeutic interventionist because her long absence caused the expense.  The record supports this decision and we find no abuse of discretion.

## CONCLUSION

¶8        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA

3