NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MARK BORDNER, *Plaintiff/Appellee,*

*v.*

DARI BATES, *Defendant/Appellant.*

No. 1 CA-CV 21-0154
FILED 12-21-2021

Appeal from the Superior Court in Navajo County
No. S0900CV201800328
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

COUNSEL

Dari Bates, Los Angeles, CA
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding
Judge Peter B. Swann and Judge David D. Weinzweig joined.

**M c M U R D I E**, Judge:

¶1        Dari Bates appeals from a jury verdict and final judgment for Mark Bordner[1] on all claims. She argues the jury had insufficient evidence for its verdict, and the court erroneously denied her motion for a new trial and awarded Bordner his attorney's fees. We reject Bates's arguments and affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

¶2        While living in Los Angeles in 2009, Bates received a letter from the City of Winslow informing her that an inspector had discovered five individuals on her property and identified several city code violations. The City gave her three weeks to address the issues and put her in touch with Bordner and his wife, who lived next to the property. The Bordners first offered to monitor the property but later offered to buy it, mentioning that Mrs. Bordner's mother could live there.

¶3        The Bordners entered a written contract to purchase the property from Bates for $45,000. The parties agreed to an installment plan, under which the Bordners would pay $3000 as a down payment, followed by $400 per month until the Bordners paid the total purchase price of $45,000. The contract stated the Bordners would "take physical control" of the property "from the date of the signing," but if they "want[ed] to tear down any of the existing structures" before they had paid in full, the parties would "need to address this issue prior to the signing."

¶4        The Bordners moved into the home and renovated the property, repairing damaged walls and replacing a divider wall. The Bordners made all required monthly payments for nearly nine years, reaching the $45,000 purchase price. But Bates refused to transfer the title.

---

[1]        Bordner's failure to file an answering brief with this court could be treated as a confession of error. *Compassionate Care Dispensary, Inc. v. Arizona Dep't of Health Services*, 244 Ariz. 205, 216, ¶ 36 n.9 (App. 2018) ("When debatable issues exist and a party fails to file an answering brief, we may consider such failure a confession of reversible error.") But we need not do so, and, in our discretion, we address the merits of the Bates's claims because they are not debatable. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994) (expressing reluctance to reverse upon an "implied confession of error" where the trial court correctly applied the law).

So, Mr. Bordner sued for breach of contract, negligent misrepresentation, unjust enrichment, fraud, consumer fraud, conversion, and quiet title.

**¶5**        Bates, representing herself, denied the allegations and countersued, alleging breach of contract, negligent and intentional misrepresentation, unjust enrichment, fraud, and negligent and intentional infliction of emotional distress. She claimed that the Bordners violated an oral promise "to have [Mrs.] Bordner's mother occupy the property" and failed to disclose the extent of the intended renovations before signing the contract. She also alleged the Bordners failed to pay a $100 late fee and thus had not paid the total contract price.

**¶6**        Both parties moved for summary judgment. The court denied the motions, noting that material factual issues remained, including whether the Bordners' renovations violated the contract and if the Bordners paid the total amount due.

**¶7**        Bordner testified he mentioned to Bates that Mrs. Bordner's mother might move onto the property. But he also testified that Mrs. Bordner's mother was not the basis for the contract, and when she ultimately chose not to move, the Bordners occupied the property instead. Bordner also testified he paid the $45,000 in total, but Bates refused to transfer title. When asked about the $100 late fee, he testified Bates emailed him telling him not to pay it because they were headed toward litigation. He also submitted emails showing he intended to pay the late fee, but Bates requested that he "not send the $100."

**¶8**        Bates and Bordner both testified that the Bordners did not inform Bates about their intended renovations before signing the contract. Bordner argued that the changes and repairs did not amount to a breach because they were necessary to make the property habitable. He also noted the contract did not define "structure."

**¶9**        Bordner requested the jury award him title to the property or, in the alternative, $45,000 in damages. Bates testified that "based on the contract," Bordner was entitled to neither title nor the $45,000.

**¶10**        The jury returned a verdict finding for Bordner on all counts and awarded him title to the property. As a result, the court entered judgment conveying quiet title to him. Upon motion, the court also awarded Mr. Bordner his attorney's fees of over $20,000.

**¶11**        Bates moved for a new trial, arguing that the superior court made several trial errors, including improperly vetting potential jurors,

giving improper jury instructions, incorrectly ruling on evidence, and failing to require a joinder of an indispensable party. The court denied the motion, finding no error warranting a new trial.

**¶12** Bates appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### A. There Was Sufficient Evidence for the Jury to Find for Bordner.

**¶13** Bates argues that the jury erred by finding for Bordner. We view the evidence in the light most favorable to upholding a jury verdict. *McFarlin v. Hall*, 127 Ariz. 220, 224 (1980). We affirm a judgment based on a jury verdict "if substantial evidence is found to support the verdict." *Id.*

**¶14** To prove breach of contract, the proponent must prove the existence of a contract, its breach, and damages. *Thomas v. Montelucia Villas, LLC*, 232 Ariz. 92, 96, ¶ 16 (2013). An enforceable contract requires "an offer, acceptance, consideration, a sufficiently specific statement of the parties' obligations, and mutual assent." *Buckholtz v. Buckholtz*, 246 Ariz. 126, 129, ¶ 10 (App. 2019) (quoting *Muchesko v. Muchesko*, 191 Ariz. 265, 268 (App. 1997)).

**¶15** Bates contends she and the Bordners entered an oral contract, separate from the purchase contract, that required Mrs. Bordner's mother to occupy the property. Because the Bordners moved in instead of Mrs. Bordner's mother, she contends that they breached that contract. But there was sufficient evidence for the jury to find that no oral agreement existed. For example, Bordner testified he discussed with Bates that Mrs. Bordner's mother might move in if she wished, but that was not the basis for the contract. There was no evidence that Bordner was making or accepting an offer during the conversation.

**¶16** Bates also contends the written purchase contract was unenforceable. She argues that the contract lacked consideration because she only wanted time "to raise the necessary finances" to retain her property, and she did "not [want] the Bordner's money." She agreed, however, to sell the property for $45,000, and accepted monthly payments toward the purchase price for nearly nine years. There was ample evidence for the jury to find sufficient consideration.

**¶17** Without citing facts that support her claims, Bates further contends that the written contract was unenforceable because of

misrepresentation, mistake, party misconduct, undue influence, duress, and unconscionability. But after reading the contract and hearing testimony from Bordner and Bates, the jury could reasonably conclude these defenses lacked merit.

## B. The Superior Court Did Not Err by Denying Bates's Motion for a New Trial.

¶18 On appeal, Bates reiterates the same arguments she made in her motion for a new trial and argues the superior court erred by denying the motion. We review the denial of a motion for a new trial for a clear abuse of discretion. *Styles v. Ceranski*, 185 Ariz. 448, 450 (App. 1996).

¶19 The superior court "considered each and every allegation" in the motion and found nothing that warranted a new trial. Bates alleged the court failed to ask the jury panel how they knew other panel members, but the court noted the panel members suggested they would not be influenced by knowing other members, and there was no sign that the selected jurors were influenced. Bates argued that the court erred by giving or failing to give particular jury instructions, but the court found Bates waived the objection and could not show that different instructions would likely have led to a different verdict.

¶20 Bates contended that the court erred by improperly ruling on evidence. She alleged the court allowed her to present only a black and white photo instead of a color version, allowed the jury to see admitted exhibits it was "not supposed to see," and improperly rejected some evidence. The court reviewed those rulings and found no error. Bates further argued that the court should have required Mrs. Bordner to be joined as an indispensable party, but the court found Mrs. Bordner was not an indispensable party.

¶21 We have reviewed Bates's allegations and the superior court's order denying the motion, and we find no error.

## C. The Superior Court Did Not Err by Awarding Attorney's Fees.

¶22 Bates argues the superior court erred by awarding attorney's fees to Bordner. We review the grant of attorney's fees for an abuse of discretion, and we will not disturb the superior court's award if there is any reasonable basis for it. *Villa de Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, 99, ¶ 25 (App. 2011).

¶23        Bordner requested costs and attorney's fees under A.R.S. §§ 12-332 and -341 and Arizona Rule of Civil Procedure 54. A court may award reasonable attorney's fees to the successful party in a contract action. A.R.S § 12-341.01. But the statute does not alter contracts that provide for attorney's fees. *Id.*

¶24        Bates argues that A.R.S. § 12-341.01 does not apply because the purchase contract included an attorney's fees provision. But she does not identify, and we do not find, such a provision in the contract. She also argues the court mistakenly awarded the same $810 twice, but the superior court later fixed that error, leaving no issue for an appeal. Bates finally argues that Bordner's motion for attorney's fees did not comply with Arizona Rule of Civil Procedure 54, but we find no such error.

¶25        Bordner prevailed on all counts and was the successful party in this contract action. Bates has presented nothing to suggest the superior court's award of attorney's fees was unreasonable.

## CONCLUSION

¶26        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

6