NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LAY ALLEN GERDES, *Plaintiff/Appellant,*

*v.*

THE CHEVY STORE, *Defendant/Appellee.*

No. 1 CA-CV 21-0347
FILED 3-22-2022

Appeal from the Superior Court in Maricopa County
No. CV2020-004974
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

APPEARANCE

Lay Allen Gerdes, Tempe
*Plaintiff/Appellant*

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which
Presiding Judge Paul J. McMurdie and Judge Angela K. Paton joined.

**G A S S**, Vice Chief Judge:

¶1          Lay Allen Gerdes appeals the superior court's order dismissing his civil complaint for lack of personal jurisdiction over The Chevy Store (the Store). We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          While searching for vehicles on Craigslist, Gerdes found an advertisement for a 1991 Cadillac Eldorado in Portland, Oregon. Gerdes contacted the Store in Portland to negotiate purchasing the car. Gerdes provided the Store with a $500 deposit over the phone from his home in Arizona. He then flew to Portland, inspected the car, and paid the $7,250 purchase price.

¶3          According to Gerdes, he quickly discovered issues with the car. The "radio wasn't functional," the passenger fender "seemed to be a bit off," and the car had suspension issues. When he returned to Arizona, Gerdes took the car to a body shop, where a mechanic told him the fender had been replaced and the car repainted. Gerdes alleged the Store hid the car's accident history by performing the repair work itself and avoiding a Carfax accident report.

¶4          Gerdes filed a civil complaint seeking damages against the Store. The Store filed a motion to dismiss for lack of personal jurisdiction under Ariz. R. Civ. P. 12(b)(2). The superior court granted the Store's motion to dismiss. Gerdes timely appealed. This court has jurisdiction to review the superior court's ruling under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.1.

## ANALYSIS

¶5          Gerdes argues the superior court erred in dismissing his complaint because it had personal jurisdiction over the Store. Though the Store did not file an answering brief, we exercise our discretion and decline to treat its failure as a concession of error. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).

¶6          This court reviews *de novo* whether the superior court has personal jurisdiction over a defendant. *Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 9 (App. 2018). The non-moving party bears the initial burden to make a prima facie showing of jurisdiction. *A. Uberti & C. v. Leonardo*, 181 Ariz. 565, 569 (1995). "The plaintiff cannot meet this burden with bare allegations but must come forward with facts, established by affidavit or otherwise, supporting jurisdiction." *Van Heeswyk v. Jabiru Aircraft Pty., Ltd.*, 229 Ariz. 412, 416, ¶ 6 (App. 2012).

¶7 Personal jurisdiction may be either general or specific. *Williams v. Lakeview Co.*, 199 Ariz. 1, 3, ¶ 6 (2000). "[A] state may exercise general jurisdiction . . . over its own citizens . . . and over non-resident corporations whose activities in the state are 'systematic and continuous.'" *Plan. Grp. of Scottsdale, L.L.C. v. Lake Mathews Min. Props., Ltd.*, 226 Ariz. 262, 265, ¶ 13 (2011) (internal citations omitted). "Specific jurisdiction, on the other hand, is jurisdiction with respect to a particular claim, and requires sufficient contacts with the forum such that it is reasonable . . . to require the defendant to defend the particular suit which is brought there." *Van Heeswyk*, 229 Ariz. at 416, ¶ 8 (cleaned up).

¶8 Arizona does not have general jurisdiction over the Store. The Store has no established physical presence in Arizona. It is in Portland, Oregon. It does not maintain offices, hold licenses, direct advertisements, or sell products—including vehicles—in Arizona. In short, the Store's affiliations with Arizona are not "so 'continuous and systematic' as to render them essentially at home" in Arizona. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 317 (1945)).

¶9 Arizona also cannot assert specific jurisdiction over the Store because the Store's Arizona contacts here were, at most, "casual or accidental." *See Plan. Grp.*, 226 Ariz. at 266, ¶ 16. Gerdes identifies four contacts with Arizona: (1) the Store advertised vehicles on an accessible website, (2) Gerdes provided an initial down payment for the car over the phone while he was still in Arizona, (3) he signed the sales agreement in Arizona, and (4) the Store retained counsel in Arizona to defend the suit. None of the "contacts" he identifies shows the Store "purposefully avail[ed] itself of the privilege of conducting activities" within Arizona. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024–25 (2021) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

¶10 Instead, the Store's Arizona contacts arose through Gerdes's activities. To be sure, Gerdes signed the contract and provided a down payment from his home in Arizona. But the requisite contacts cannot be established "through the unilateral activities of the plaintiff." *Plan. Grp.*, 226 Ariz. at 268, ¶ 25. The Store effectuated the entire transaction from its Portland office, and it advertised the car through Craigslist *Portland*—not Phoenix or any other Arizona location. Indeed, Gerdes sought a vehicle on Craigslist Portland and then flew to Portland to finalize the purchase and take possession of the car. A local dealership advertising vehicles on a local website does not subject it to worldwide jurisdiction. *See Uberti*, 181 Ariz. at 570 (the contacts between the defendant and the forum state "must come

about by *an action of the defendant purposefully directed toward the forum*." (quoting *Asahi Metal Indus. Co. v. Sup. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 112 (1987) (emphasis in original)). Further, retaining counsel to assert a jurisdictional defense does not establish consent to jurisdiction or minimum contacts with the forum state. *See Plan. Grp.*, 226 Ariz. at 266, ¶ 16.

**¶11**　　　　Gerdes also argues the superior court was biased against him and challenges its attorney-fee award. We understand Gerdes to argue judicial bias, but Gerdes does not cite any supporting legal authority. *See* ARCAP 13(a)(7)(A); *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 93, ¶ 50 (App. 1998) (declining to address a claim made without supporting authority or argument). Similarly, though Gerdes challenges the superior court's attorney-fee award, he does not develop that argument or explain why the award was unreasonable. Accordingly, we decline to address those arguments.

**¶12**　　　　We note our decision does not reach the merits of Gerdes's claims in his complaint. If Gerdes chooses to pursue those claims further, he must do so in a forum with personal jurisdiction over the Store.

**CONCLUSION**

**¶13**　　　　We affirm.

