NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

GENEA RODRIGUEZ, *Petitioner/Appellee*,

*v.*

ANDRE RODRIGUEZ, *Respondent/Appellant*.

No. 1 CA-CV 21-0522 FC
FILED 5-5-2022

Appeal from the Superior Court in Maricopa County
No. FC2020-003022
The Honorable Suzanne Marie Nicholls, Judge

**AFFIRMED**

APPEARANCE

Andre Rodriguez, Buckeye
*Respondent/Appellant*

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which
Presiding Judge Paul J. McMurdie and Judge Angela K. Paton joined.

**G A S S**, Vice Chief Judge:

¶1　　　　Father argues the superior court erred when it awarded mother sole legal decision-making authority, awarded mother most of the parenting time, limited father to supervised parenting time, and calculated child support. Because the superior court did not abuse its discretion and reasonable evidence supports its findings, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2　　　　Father and mother have a four-year-old child. In mother's petition to divorce father, mother urged the superior court to order supervised parenting time for father because of his "domestic violence patterns." Mother also sought sole legal decision-making authority. Father sought joint legal decision-making authority and equal parenting time.

¶3　　　　Before the hearing, mother obtained two orders of protection against father. Father moved to continue the hearing to gather evidence against mother regarding two alleged physical confrontations between them. The superior court denied father's motion. After arriving late for the hearing, father orally moved for a continuance, which the superior court denied.

¶4　　　　The superior court later issued the decree of dissolution, which found father committed significant domestic violence against mother. Police reports "demonstrat[ed] [f]ather had frequently violated" the orders of protection. Based on its significant domestic violence and best-interests findings, the superior court awarded father two, four-hour supervised parenting-time blocks per week and granted mother's request for sole legal decision-making authority. The superior court order also required father to be solely responsible for the cost of supervision.

¶5　　　　Regarding child support, the superior court found father had gross income of $5,000 per month and awarded mother $680 per month in child support. Father timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.1.

## ANALYSIS

¶6　　　　As an initial matter, we exercise our discretion and determine mother's failure to file an answering brief on appeal was not an implied confession of error, especially given the superior court "correctly applied the law." *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994) (A party's

failure to file a brief may be treated as an implied confession of error, but "this doctrine is discretionary," and this court is "reluctant to reverse based on an implied confession of error" when the superior court "has correctly applied the law.").

¶7 This court reviews the superior court's legal decision-making and parenting-time orders for an abuse of discretion. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019). This court reviews the sufficiency of evidence *de novo*. *See State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011).

## I. Sole Legal Decision-Making and Domestic Violence Finding

¶8 Father argues sufficient evidence did not support the superior court's finding of significant domestic violence or a significant history of domestic violence, saying nothing in the record shows father "undoubtedly committed" violent acts against mother or her family.

¶9 This court's "duty on review does not include re-weighing conflicting evidence or redetermining the preponderance of the evidence." *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). This court will affirm the superior court's judgment if substantial evidence supports it. *Id.*

¶10 Under A.R.S. § 25-403.03.A, when one parent has engaged in significant domestic violence or has a significant history of domestic violence, the superior court shall not award joint legal decision-making authority. When subsection A does not apply but one parent has committed an act of domestic violence against another parent, § 25-403.03.D creates "a rebuttable presumption that an award of sole or joint legal decision-making to the [offending] parent . . . is contrary to the child's best interests." Subsection D's rebuttable presumption does not apply if both parents have committed an act of domestic violence. "Before awarding sole or joint legal decision-making authority to the offending parent, the [superior] court must make specific findings on the record" regarding whether sufficient evidence rebuts the presumption and also must consider the § 25-403.03.E factors. *DeLuna*, 247 Ariz. at 423, ¶ 12.

¶11 In cases involving domestic-violence allegations, the superior court must first determine if a parent committed domestic violence. *See* A.R.S. § 25-403.03.C. Here, mother offered evidence and testimony regarding father's acts. For his part, father never challenged mother's claims. Instead, father tried to establish mother committed acts of violence against him and his girlfriend. The superior court found mother's evidence and testimony established father committed acts of domestic violence against her. The police reports and mother's testimony are sufficient

evidence to support that decision. The superior court did not find father's claims against mother credible. And the superior court found father and his girlfriend attacked mother in one of the incidents father introduced as an example of mother's domestic violence against him.

¶12 The superior court next considered whether the evidence established "the existence of significant domestic violence pursuant to section 13-3601" or "by a preponderance of the evidence that there has been a significant history of domestic violence." A.R.S. § 25-403.03.A. A subsection A finding under one or both precludes an award of joint legal decision-making authority. *Id.* Here, the superior court found father committed significant domestic violence or had a significant history of domestic violence and awarded sole legal decision-making authority to mother. The superior court did so after considering the following factors: "(1) the seriousness of the particular incident of domestic violence, (2) the frequency or pervasiveness of the domestic violence, and (3) the passage of time and its impact." *See DeLuna*, 247 Ariz. at 424, ¶ 15 n.6. The superior court, for example, found credible mother's testimony about father's repeated death threats against her and the evidence supported its finding.

¶13 Father, nevertheless, argues mother's testimony does not support her claims regarding the domestic violence he committed because she lied. We, however, do not reweigh the evidence, including the superior court's credibility determinations. *See Clark v. Kreamer*, 243 Ariz. 272, 276, ¶ 14 (App. 2017); *Hurd*, 223 Ariz. at 52, ¶ 16.

¶14 Father appears to focus his approach on avoiding the rebuttable presumption under A.R.S. § 25-403.03.D. Unlike subsection A's absolute prohibition, subsection D establishes a rebuttable presumption and says the rebuttable presumption does not apply if both parents committed acts of domestic violence. But when faced with a subsection A prohibition, father's arguments about mother's alleged domestic violence are irrelevant.

¶15 Father also contends the superior court erred when it denied his motion to continue to allow law enforcement to prosecute mother for assaulting him because such evidence would establish mother lied about not committing violence against him. At best, the alleged evidence is speculative and does not refute father's history of domestic violence.

¶16 Based on the above, the superior court acted well within its authority to award mother sole legal decision-making authority.

## II.     Parenting Time

¶17     Father argues the superior court erred in awarding less than equal parenting time and requiring his parenting time to be supervised. Again, father argues mother lied about not committing domestic violence against him. As explained above, the superior court did not find mother committed domestic violence against father after considering his testimony. *See supra* at ¶ 11. And we will not reweigh that evidence. *See Clark*, 243 Ariz. at 276, ¶ 14.

¶18     Moreover, when the superior court finds a parent committed domestic violence, it must place restrictions on that parent's parenting time "that best protect the child and the other parent from further harm." A.R.S. § 25-403.03.F. Here, the superior court acted as required under subsection F when it ordered the supervision of father's parenting time by an agency after determining unsupervised parenting time would endanger the child. *Cf. DeLuna*, 247 Ariz. at 425, ¶¶ 18–19 (superior court erred under subsection F by not making findings showing whether a parent who has committed domestic violence has shown parenting time will not endanger the child or significantly impair the child's development). Additionally, the superior court acted within its discretion to order less than equal parenting time. *See* § 25-403.01.D (a parent who is not granted equal parenting time is entitled to reasonable parenting time "unless the court finds, after a hearing, that parenting time would endanger the child's physical, mental, moral or emotional health"); § 25-403.03.F.9 (allowing the superior court to "[i]mpose any other condition" it determines is necessary to protect the child).

¶19     Accordingly, the superior court did not err by placing conditions on father's parenting time.

## III.    Child Support

¶20     Father argues the superior court erred in finding he had a monthly gross income of $5,000 because the evidence it considered does not accurately reflect his actual monthly income.

¶21     This court reviews a child support award for an abuse of discretion and accepts the superior court's "factual findings unless clearly erroneous." *Sherman v. Sherman*, 241 Ariz. 110, 112–113, ¶ 9 (App. 2016). This court reviews *de novo* the superior court's interpretation of the 2018 child support guidelines in A.R.S. § 25-320 appendix (2018 guidelines). *Id.* at 113, ¶ 9.

**¶22** Father contends the exhibits showing his earnings from his air-conditioning and dog-breeding businesses do not support a finding he has a monthly gross income of $5,000, in part, because they are from 2019 and were outdated by the time the superior court heard this case in 2021. But father did not present any evidence to the contrary, including his more recent income statements. Instead, father relied on his 2019 income statement to argue his monthly gross income was less than $5,000. And § 5.A of the 2018 guidelines—the applicable guidelines at the time this matter was before the superior court—enables the court to look at annual earnings for individuals, like father, who have fluctuating incomes. Further, § 5.A of the 2018 guidelines permits the superior court to look at historical income when determining gross income if that income was "earned from a regular schedule and is anticipated to continue in the future."

**¶23** Father also argues his gross income from his air-conditioning business shows he earns less than $5,000 in monthly gross income after factoring in the losses for the company as they appear in the exhibit showing his profits and losses for the period of January 2019 through December 2019. But § 5.C of the 2018 guidelines (self-employment) allows the superior court to reject certain expenses if it finds they are "inappropriate for determining gross income for purposes of child support." Here, based on the record, the superior court had the discretion to and could use such authority to conclude father's monthly gross income was $5,000, especially after rejecting certain portions of father's expenses. And, as a matter of course, this court does not reweigh the evidence. *See Clark*, 243 Ariz. at 276, ¶ 14.

**¶24** Accordingly, the superior court did not err in determining father's child support obligation.

## CONCLUSION

**¶25** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA