NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MALIK WATKINS, *Plaintiff/Appellant*,

*v.*

LAMONT LANE, *Defendant/Appellee*.

No. 1 CA-CV 22-0070
FILED 1-10-2023

Appeal from the Superior Court in Maricopa County
No. CV2020-012713
The Honorable Katherine Cooper, Judge

**AFFIRMED**

APPEARANCES

Malik Watkins, Chandler
*Plaintiff/Appellant*

Lamont Lane, Chandler
*Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge D. Steven Williams joined.

---

**H O W E**, Judge:

**¶1**          Malik Watkins appeals the trial court's ruling in favor of Lamont Lane. For the following reasons, we affirm.[1]

**FACTS AND PROCEDURAL HISTORY**

**¶2**          We view the evidence in the light most favorable to sustaining the trial court's ruling. *Carey v. Soucy*, 245 Ariz. 547, 552 ¶ 19 (App. 2018). Watkins owned a pit bull that he kept in his university dorm room as an emotional support animal. The dog caused property damage in the dorm, and the university barred Watkins from keeping him on campus for several months. As a result, Watkins placed the dog at a pet hotel and initially paid for a two-week stay. Watkins then requested that the hotel extend the dog's stay. When the dog had been at the hotel for one month without more payment or contact from Watkins, the owner of the pet hotel feared that the dog had been abandoned. Lane, Watkins's basketball coach and friend, offered to help Watkins pay for the bill. To release the dog, Watkins and Lane's girlfriend both paid a portion of the bill. An invoice from the hotel showed it applied a "relinquished pet reduction" to the total bill. The hotel's owner provided a letter explaining that she understood Watkins relinquished ownership of the dog because he could not care for him. The letter also stated that Lane and his girlfriend would find a home for the dog.

**¶3**          With Watkins's consent, Lane's girlfriend arranged to rehome the dog with a woman in Washington who was not a party to this case. A year after Watkins surrendered the dog, Watkins asked the woman for the dog back. The woman thought that Watkins did not want the dog. Text messages also showed that the woman was willing to give the dog back if Watkins reimbursed her for taking care of the dog and if he picked up the

---

[1]          Appellant Lamont Lane did not file an answering brief. In our discretion, we decline to consider this a confession of error. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).

dog in Washington. Watkins sent the woman money for his own plane ticket to Washington to pick up the dog, but he never went.

¶4          Watkins sued Lane for theft of the dog. He sought the return of his dog and reimbursement of $1,300, an amount he alleged that he had paid for Lane to care for the dog. Lane denied the allegations and asserted lack of privity and offset. The case proceeded to compulsory arbitration. The arbitrator found that he lacked jurisdiction to hear the matter because (1) the parties had not exchanged disclosures, (2) Watkins's primary request was return of the dog and not a money judgment that A.R.S. § 12–133 required, and (3) the person who currently possessed the dog was not a party to the action. The arbitrator referred the case to the trial court for further proceedings.

¶5          The trial court conducted a bench trial during which Watkins was present, but Lane was not. The court found that text messages showed that Watkins acknowledged he could not take care of the dog and that he and Lane agreed that Lane would rehome the dog. The court also found that these text messages were consistent with the letter from the owner of the hotel acknowledging Watkins's relinquishment of the dog. The court also found that the woman now caring for the dog agreed to give him back to Watkins in exchange for reimbursement of expenses related to the dog. The court found that Lane did not breach any agreement with Watkins and did not wrongfully remove the dog from Watkins's possession. The court, taking the totality of the evidence presented, found for Lane. The court also denied Watkins's claim for criminal theft because only the State can bring criminal charges. Watkins moved for reconsideration, arguing that the parties had no agreement to sell the dog and that the court relied on hearsay evidence. The court denied the motion. Watkins timely appeals.

**DISCUSSION**

¶6          Watkins challenges the sufficiency of the evidence, arguing that the court erred in misconstruing evidence in Lane's favor when Lane was not present at trial.[2] But his opening brief lacks citations to relevant authorities and portions of the record. *See* Ariz. R. Civ. App. P. 13(a)(7).

---

[2]          An appellant is obligated to ensure that the record on appeal contains all documents and information necessary to address the issues raised. Ariz. R. Civ. App. P. 11(a); *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). Here, the record on appeal does not include a transcript of the evidentiary hearing. Thus, we presume that any missing information supports the trial court's conclusions. *Baker*, 183 Ariz. at 73.

Although we hold a pro se litigant to the same standard as an attorney, *Higgins v. Higgins*, 194 Ariz. 266, 270 ¶ 12 (App. 1999), we nevertheless prefer to decide each case on its merits rather than to dismiss on procedural grounds, *Adams v. Valley Nat. Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984); *see In re Aubuchon*, 233 Ariz. 62, 64–65 ¶ 6 (2013) (stating that we typically consider waived arguments unsupported by adequate explanation or citations to relevant authorities or the record).

¶7          On appeal from a bench trial, we view the evidence in the light most favorable to upholding the judgment. *See Town of Florence v. Florence Copper Inc.*, 251 Ariz. 464, 468 ¶ 20 (App. 2021). We defer to the trial court's findings of fact unless clearly erroneous, but we review any legal conclusions de novo. Ariz. R. Civ. P. 52(a)(6); *Tortolita Veterinary Servs., PC v. Rodden*, 252 Ariz. 96, 104 ¶ 23 (App. 2021). A court's finding of fact is not clearly erroneous if supported by substantial evidence, "even if substantial conflicting evidence exists." *Meno's Constr., L.L.C. v. Indus. Comm'n of Ariz.*, 246 Ariz. 521, 524 ¶ 10 (App. 2019) (quoting *Ramsey v. Ariz. Registrar of Contractors*, 241 Ariz. 102, 109 ¶ 22 (App. 2016)). Further, we will not "reweigh the evidence or substitute our evaluation of the facts." *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 52 ¶ 11 (App. 2009).

¶8          The trial court did not err because substantial evidence exists to support its findings. Watkins willingly placed the dog in a pet hotel after the dog had damaged Watkins's dorm room. He initially paid for a two-week stay but extended the dog's stay and stopped paying the hotel bill. Text messages between Lane, Watkins, and the woman who had the dog, along with a letter from the hotel owner, show that Watkins and Lane agreed that Lane's girlfriend would pay part of the hotel bill and rehome the dog. An invoice shows that the hotel applied a "relinquished pet reduction" discount to the total bill. The evidence shows that Watkins and Lane had an agreement, and the agreement was not breached. Thus, substantial evidence shows that Lane did not wrongfully take the dog away from Watkins. Rather, the dog was rehomed as agreed. Further, text messages between the woman and Watkins showed that she agreed to return the dog in exchange for reimbursement of expenses, which shows that Watkins had a chance to collect his dog outside of Lane's involvement. And last, Watkins provided no transcripts of the evidentiary hearing on appeal. We must presume that those transcripts support the superior court's conclusions. *See Baker*, 183 Ariz. at 73.

¶9          Watkins argues that Lane's absence prevented the court from making a credibility determination. We "must give due regard to the trial court's opportunity to judge the credibility of witnesses." Ariz. R. Civ. P.

52(a)(6); *In re Ghostley*, 248 Ariz. 112, 117 ¶ 21 (App. 2020) (stating that our function is not "to reweigh the facts or to second-guess the credibility determinations of the judge who had the opportunity to evaluate the witnesses' demeanor and make informed credibility determinations" (internal quotation marks omitted)). But the court did not need to determine Lane's credibility to make its factual findings. Even though Lane was absent from trial, the court was presented with substantial evidence through text messages, an invoice and letter from the hotel, and Watkins's trial testimony allowing it to properly rule. Because substantial evidence supports the trial court's ruling, the court did not err.

## CONCLUSION

¶10    For the reasons stated, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA